# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS (Boston)

| | |
|---|---|
| Comcast of Southern New England, Inc. ("Comcast") | ) Case No.: |
| Plaintiff, | ) **COMPLAINT FOR VIOLATIONS OF 47 U.S.C. §553** |
| vs. | ) |
| **Richard Souza** | ) |
| Defendant                MAGISTRATE JUDGE | ) Baubn |

**04 10693 MEL**

RECEIPT # 51986
AMOUNT $ 190
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. F.O.M
DATE 4-6-04

## NATURE OF ACTION

1.    Plaintiff Comcast of Southern New England, Inc. ("Comcast") brings this Complaint to redress injuries that it has suffered as a result of Defendant Richard Souza's (hereinafter the "Defendant") cable television signal piracy.

2.    The Defendant's unauthorized interception of Comcast's cable television signal violated 47 U.S.C. § 553.

## PARTIES

3.    Comcast is a Massachusetts corporation and maintains a place of business at 6 Campanelli Drive, Andover, Essex County, Massachusetts.

4.    The Defendant was an individual with his principal residence at 1029 Marlborough Street, New Bedford, MA 02745.

5.    Upon information and belief, the Defendant resided at 1029 Marlborough Street, New Bedford, MA at all times relevant to the said violations of 47 U.S.C. § 553.

## JURISDICTION AND VENUE

6.    This action is brought pursuant to 47 U.S.C. § 553.

7.    This Court has original jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper in the United States District Court in and for the District of Massachusetts

1

pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8.      Comcast provides cable television services to subscribers in the New Bedford area, and other areas in Massachusetts pursuant to franchise agreements with various municipalities.

9.      Comcast is the successor-in-interest to the legal entity that held the prior cable television franchise in this area, and, as such successor, Comcast has the right to pursue the claims set forth herein even if said claims may have accrued during the time that the predecessor-in-interest held the cable television franchise.

10.     In order to provide cable television services, Comcast pays fees to programmers for the right to receive programs, mostly by way of interstate radio communications, and transmit their programming over Comcast's system. The signals that Comcast transmits over its system are private communications not intended for public use.

11.     Subscribers pay Comcast based on the level of service they wish to receive.

12.     In order to protect its signals and maintain the value of its services, Comcast electronically encodes or scrambles some of its signals so that they must first be decoded by electronic decoding equipment in order to be viewed clearly on a television receiver. The signals Comcast encodes or scrambles include premium channels, such as HBO, Showtime, and Cinemax, for which subscribers pay a separate monthly subscription fee, and pay-per-view events, such as a specific movie, concert or sporting event, for which subscribers pay a specific one time charge to view each event. Comcast provides subscribers with electronic decoding equipment (hereinafter referred to as "decoders") to decode these signals. Comcast programs these decoders so that a subscriber may only view that level of service, which he or she has purchased.

2

13.    On or before April 5, 2001 the Defendant or some third party modified certain decoder, without Comcast's authorization, thereby creating a descrambling device(s).

14.    In addition, on at least five (5) occasions prior to April 5, 2001 the Defendant or some third party effectuated the unauthorized interception of Comcast's cable television signals by making an unauthorized physical alteration to the wiring entering his dwelling thereby allowing for cable television signals to be brought in to the defendant's dwelling without Comcast's authorization, and without payment for said service. (Hereinafter an unauthorized "hook up").

15.    Through the unauthorized hook up and the use of the descrambling device, the Defendant was able to obtain all of the Plaintiff's signals without authorization.

## COUNT I
### (Violation 47 U.S.C. § 553)

16.    Comcast realleges and incorporates by reference paragraphs 1 through 15 above.

17.    The Defendant's conduct violated 47 U.S.C. § 553(a).

18.    Comcast is a person aggrieved by the Defendant's violation of 47 U.S.C. §553 and is authorized to institute this action pursuant to 47 U.S.C. § 553(c)(1).

19.    The cable transmissions that make up Comcast's signal are communications services offered over a cable system and, as such, are protected by 47 U.S.C. § 553.

20.    The Defendant knowingly and willfully violated 47 U.S.C. § 553.

21.    Comcast did not authorize or consent to the Defendant's unauthorized hook up or the interception of its cable transmissions.

22.    The Defendant's violations have injured Comcast's ability to generate revenue by depriving Comcast of payment for its programming.

## COUNT II

### (Conversion)

3

23. Comcast realleges and incorporates by reference paragraphs 1 through 22.

24. The Defendant exercised dominion and control over the Plaintiff's property, its cable television signals, without authorization or legal right to do so.

25. The Defendant's conduct was willful, intentional, malicious, and wrongful, with the intent to deprive the Plaintiff of the right to possession of its cable television signals.

26. As a direct and proximate result of the Defendant's conversion of the Plaintiff's signals the Plaintiff has suffered monetary damages; accordingly, the Defendant is liable for all of the Plaintiff's damages.

**WHEREFORE,** Comcast prays for Judgment against the Defendant and requests that the Court grant it the following relief:

1. Statutory damages of $10,000.00 for violation of 47 U.S.C. § 553(a).

2. Comcast's attorney's fees and costs in prosecuting this lawsuit as provided for by 47 U.S.C. 553(c)(2)(C);

3. The issuance of a permanent injunction pursuant to provisions of 47 U.S.C. § 553 utilizing the following language or language of a similar nature:

> "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from any further interception of the Plaintiff's signals in violation of the provisions of Title 47."

4. Post judgment interest pursuant to 26 U.S.C. § 1961; and

5. Such other and further relief as this Court may deem just and proper.

Respectfully Submitted for the Plaintiff,
Comcast of Southern New England, Inc.
By Its Attorney,

Date

John M. McLaughlin
**MCLAUGHLIN SACKS, LLC**
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865
BBO No. 556328